**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LESLIE SICKAU,**

|                                    |                     |
|------------------------------------|---------------------|
| **Plaintiff,**                     | **03-CV-0364A(Sr)** |
| **v.**                             |                     |
|                                    | **ORDER**           |
| **SIEGEL, KELLEHER & KAHN**        |                     |
| **and TIMOTHY O'CONNELL,**         |                     |
|                                    |                     |
| **Defendants.**                    |                     |

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #9.

Currently before the Court is defendants' motion to: (1) disqualify plaintiff's counsel, Jonathan Johnsen; (2) compel production of documents, including notes of a telephone conversation on October 29, 2002 by Mr. Johnsen with Siegel, Kelleher & Kahn employee, Renee Anthony, and all notes prepared by plaintiff's counsel with respect to interviews of any potential witnesses; and (3) compel Mr. Johnsen's deposition.  Dkt. #55.  For the following reasons, defendants' motion is denied.

**Disqualification of Plaintiff's Counsel**

Defendants assert that Disciplinary Rule 5-102(a) requires that plaintiff's counsel be disqualified because he has made himself a material witness by identifying

his telephone conversation with Ms. Anthony as the basis for plaintiff's decision to

commence this action and the basis for challenging Ms. Anthony's credibility at trial.

Dkt. #56, p.2.  Plaintiff's counsel argues that defendants have failed to establish that his

testimony is either necessary or prejudicial to his client.  Dkt. #61


Disciplinary Rule 5-102 of the Code of Professional Responsibility

provides that:

> (a) A lawyer shall not act, or accept employment that
> contemplates the lawyer's acting, as an advocate on issues
> of fact before any tribunal if the lawyer knows or it is obvious
> that the lawyer ought to be called as a witness on a
> significant issue on behalf of the client, except that the
> lawyer may act as an advocate and also testify:
>
>> (1)  If the testimony will relate solely to an
>> uncontested issue.
>>
>> (2)  If the testimony will relate solely to a matter of
>> formality and there is no reason to believe that
>> substantial evidence will be offered in
>> opposition to the testimony.
>>
>> (3)  If the testimony will relate solely to the nature
>> and value of legal services rendered in the
>> case by the lawyer or the lawyer's firm to the
>> client.
>>
>> (4)  As to any matter, if disqualification as an
>> advocate would work a substantial hardship on
>> the client because of the distinctive value of
>> the lawyer as counsel in the particular case.
>
> (b) Neither a lawyer nor the lawyer's firm shall accept
> employment in contemplated or pending litigation if the
> lawyer knows or it is obvious that the lawyer or another
> lawyer in the lawyer's firm may be called as a witness on a
> significant issue other than on behalf of the client, and it is
> apparent that the testimony would or might be prejudicial to
> the client.

2

(c) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal, except that the lawyer may continue as an advocate on issues of fact and may testify in the circumstances enumerated in paragraphs (a)(1) through (4) of this section.

(d) If after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw acting as an advocate before the tribunal.

22 N.Y.C.R.R. § 1200.21.


Defense counsel does not express an intent to call plaintiff's counsel as a witness and does not argue that plaintiff's counsel's interview notes memorialize information which would be prejudicial to plaintiff.  As a result, DR 5-102(b) and (d) are not implicated in the present motion to disqualify.  *See Rice v. Harrow Property Corp*., 456 F. Supp. 1361, 1371 (S.D.N.Y. 1978) (moving party "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring is substantial;" to rise to the level of prejudicial, the anticipated testimony of the lawyer "must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client . . . ."), *quoted in Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989).


With respect to DR 5-102(a) and (c), "[d]isqualification may be required only when it is likely that the testimony to be given by [counsel] is necessary."  *Purgess*

*v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994), *quoting S&S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp.*, 69 N.Y.2d 437, 445-46 (1987); *see also SMI Indus. Canad Ltd v. Caelter Indus. Inc.*, 586 F. Supp. 808, 817 (N.D.N.Y. 1984) ("The phrase 'ought to be called as a witness' has been narrowly construed to refer to an attorney who has crucial information in his possession which must be divulged in the course of a trial.") (internal quotation omitted); *MacArthur v. Bank of New York*, 524 F. Supp. 1205, 1208 (S.D.N.Y. 1981) ("test is whether the attorney's testimony could be significantly useful to his client; if so, then he ought to be called."). Such a finding "takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence." *S&S Hotel Ventures*, 69 N.Y.2d at 446. "Although doubts should be resolved in favor of disqualification, the party seeking disqualification must carry a heavy burden and meet a high standard of proof before a lawyer is disqualified." *Paretti v. Cavalier Label Co., Inc.*, 722 F. Supp. 985, 986-87 (S.D.N.Y. 1989) (internal citations and quotations omitted).

In the instant case, alleged inconsistencies between plaintiff's counsel's recollection of Ms. Anthony's description of events during a telephone conversation with him on October 29, 2002 and Ms. Anthony's description of those events at a subsequent deposition are not sufficient to establish that plaintiff's counsel "ought to be called as a witness." Whatever the importance of Ms. Anthony's credibility to this case, the fact remains that plaintiff's counsel did not witness and has no personal knowledge of any events underlying plaintiff's claims of assault and discrimination. Mr. Johnsen's interview of Ms. Anthony does not transform plaintiff's counsel into a material witness.

This lack of relevant personal knowledge is a material distinction from the facts presented to Judge Scott in *Sisler v. Wal-Mart Stores,* upon which defendants rely.  Dkt. #57, Exh. E; *see* 01CV602, Dkt. #57.   In that case, it was plaintiff's counsel who informed the defendant's law firm that plaintiff was pregnant and therefore in a fragile state so as to require that defendant cease efforts to collect a debt; there was no other proof of the law firm's knowledge of plaintiff's pregnancy; and knowledge of plaintiff's alleged fragile state was a central element of plaintiff's lawsuit alleging improper debt collections.

In *Sisler*, and in every other case the Court has reviewed in which disqualification was granted, the attorney who was disqualified was personally involved in underlying events of central importance to the outcome of the litigation.  *See, e.g.*, *J.P. Foley & Co., Inc. v. Vanderbilt*, 523 F.2d 1357 (2d Cir. 1975) (testimony of attorney representing plaintiffs in loan negotiations with company was crucial to refute company's testimony regarding  disclosure of its financial condition); *Wickes v. Ward,* 706 F. Supp. 290 (S.D.N.Y. 1989) (plaintiff's claim of denial of due process at disciplinary hearing depended on the nature of what plaintiff's counsel heard hearing officer say during an off-the-record sidebar conference and how the hearing officer's statements altered counsel's trial strategy); *Munk v. Goldome Nat'l Corp.,* 697 F. Supp. 784 (S.D.N.Y. 1988) (defense counsel was most capable witness to describe firm's role in drafting and negotiating real estate contract and advising client as to total purchase price of real estate transaction where defense counsel's understanding of overall price could be extremely important to the defendant); *MacArthur*, 524 F. Supp. at 1206-07 (defense counsel "was intimately involved in the events at the heart of this litigation"

such that "it appeared impossible for the bank effectively to explain or rebut plaintiff's testimony" regarding the disputed contract without his testimony).   In the absence of such involvement by Mr. Johnsen in the instant case, defendants have failed to meet their burden of demonstrating that plaintiff's counsel ought to be called as a witness at trial.   Accordingly, defendants' motion for disqualification is denied.

The Court's determination that Mr. Johnsen's testimony is not necessary to plaintiff's case does not disregard defense counsel's concern that plaintiff's counsel could choose to inject his own credibility into the trial by questioning Ms. Anthony as to the substance of their conversation and the alleged inconsistencies between that conversation and Ms. Anthony's deposition or trial testimony.  However, that concern is most appropriately addressed to the trial court judge in the form of a motion *in limine*.

**Motion to Compel Production of Counsel's Interview Notes**

Subsequent to the filing of this motion, Mr. Johnsen produced a copy of his handwritten notes of his telephone conversation with Ms. Anthony on October 29, 2002.   Dkt. #63, Exh. A.   Pursuant to the sword and shield doctrine, defense counsel also seeks production of Mr. Johnsen's notes with respect to an interview of plaintiff's husband.   Dkt. #56, p.5.

In the seminal case of *Hickman v. Taylor*, the Supreme Court of the United States recognized that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel," thereby

establishing the work product doctrine.  329 U.S. 495, 510 (1947).  "At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."  *United States v. Nobles*, 422 U.S. 225 (1975).  "An attorney's protected thought processes include preparing legal theories, planning litigation strategies and trial tactics, and sifting through information."  *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 234 (2d Cir. 1993). "The doctrine extends to notes, memoranda, witness interviews, and other materials, whether they are created by an attorney or an agent for the attorney."  *Granite Partners, L.P. v. Bear, Stearns &* Co., 184 F.R.D. 49, 52 (S.D.N.Y. 1999), *citing Nobles*, 422 U.S. at 238-39.

       "It is well settled that waiver may be imposed when the privilege-holder has attempted to use the privilege as both sword and shield."  *Granite Partners*, 184 F.R.D. at 54 (internal quotations omitted), *quoting In re von Bulow*, 828 F.2d 94, 102 (2d Cir. 1987).  The underlying aim is "to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information."  *In re von Bulow*, 828 F.2d at 101. For example, where plaintiffs disclosed large portions of a settling defendant's statement to plaintiffs' experts, the court found that, "[h]aving used large parts of the statement as a 'sword,' the rule of fairness requires plaintiffs to make the entire statement, in unredacted form, available" to the remaining defendants.  *Dayton Monetary Assocs. V. Duonaldson Lufkin & Jenrette Securities*, 1996 WL 469669, at *2 (S.D.N.Y. Aug. 19, 1996); *see also Granite Partners*, 184 F.R.D. at 55 (use of selected

quotes from interview notes of plaintiff's bankruptcy trustee to cross-examine defense witnesses regarding their interviews with trustee "waives any privilege claimed on the unquoted portions of those notes.").

Courts should "take care to extend the scope of the waiver only so far as necessary to ensure fairness to the litigants." *Alpex v. Nintendo Co., Ltd.*, 1994 WL 330381, at *2 (S.D.N.Y. July 11, 1994).

> The rule against selective disclosure of work-product[] materials . . . does not rise to the level of "waive work product as to some matters and you've waived as to all." Rather, any waiver of work product by disclosing that work product to one's opponent waives the privilege only as to matter covered in the waived documents.

*Fullerton v. Prudential Ins. Co.*, 194 F.R.D. 100, 104 (S.D.N.Y. 2000).

Having injected his notes of an interview with Ms. Anthony in an effort to impeach Ms. Anthony's deposition testimony, plaintiff's counsel has waived any privilege which may have otherwise protected those notes.  That does not, however, warrant waiver of the work-product privilege with respect to other aspects of this case. Defendants' motion to compel disclosure of plaintiff's attorney's work-product beyond that which was disclosed during Ms. Anthony's deposition is, therefore, denied.

**Motion to Depose Plaintiff's Counsel**

As this Court has already determined, plaintiff's counsel's waiver of the attorney-work product privilege is limited to his notes of an interview with Ms. Anthony. Plaintiff assures the court that she "has no intention of calling Mr. Johnsen as a

witness" and concedes that Mr. Johnsen's notes of a telephone conversation with Ms. Anthony would be inadmissible hearsay if offered for the truth of the matter and extrinsic evidence on a collateral matter if offered to impeach credibility.  Dkt. #61, pp. 2-6.  Since plaintiff's counsel is already bound by Ms. Anthony's denial of Mr. Johnsen's recollection of their conversation, there is nothing to be gained by deposing Mr. Johnsen regarding his recollection of that conversation.  Therefore, defendants' motion to depose plaintiff's counsel is denied.

Accordingly, it is hereby **ORDERED** that defendants' motion to: (1) disqualify plaintiff's counsel; (2) compel production of documents; and (3) compel plaintiff's counsel's deposition is **DENIED**.  Dkt. #55.

**SO ORDERED**.

DATED:     Buffalo, New York
           July 26, 2005

S/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**